IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CALVIN FLOWERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv553-WHA |
| | ) | (WO) |
| MONTGOMERY CITY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the plaintiff alleges that his constitutional rights were

violated during his confinement at the Montgomery City Jail.  On August 6, 2007, this court

mailed an order to the plaintiff which was returned to this court on August 10, 2007.  The

order was returned to sender as undeliverable because the plaintiff was no longer at the

address he had provided to the court.  In the order of procedure entered in this case, the court

instructed the plaintiff to immediately notify the court of any new address. *See Order of July*

*11, 2007*, p. 6 (doc. # 9).  Moreover, the Federal Bureau of Prisons' Inmate Locator website

indicates that the plaintiff is now housed at the United States Penitentiary in Coleman,

Florida.  As of the present date, the plaintiff failed to notify the court of his change in address

as required by the court's prior orders .  In light of the foregoing, the court concludes that the

plaintiff has abandoned his claims and failed to prosecute this action.

The court has reviewed the file in this case to determine whether less drastic

sanctions than dismissal are appropriate and finds that under the facts of this case dismissal

is the proper sanction.  The plaintiff is an indigent federal inmate.  Moreover, the plaintiff

has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this action. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 4, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

     Done this 20th day of August, 2007.


                /s/Charles S. Coody
                CHARLES S. COODY
                CHIEF UNITED STATES MAGISTRATE JUDGE