IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN FLOWERS, | ) |
|     Plaintiff, | ) |
| v. | )   CASE NO. 2:07-CV-553-WHA |
| | )                  [WO] |
| OFFICER McKENZIE, et al., | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Calvin Flowers ["Flowers"], a federal inmate, on June 21, 2007. The defendants filed a written report supported by relevant evidentiary materials in compliance with the orders of this court in which they addressed the claims for relief presented by Flowers. The reports and evidentiary materials indicate Flowers is entitled to no relief at this time as he has failed to properly exhaust available administrative remedies. The court thereafter issued an order directing Flowers to file a response to the written report. *Order of December 10, 2007 - Court Doc. No. 34*. The order advised Flowers that his failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of

this civil action. *Id*. The time allotted Flowers for filing a response to this order expired on January 3, 2008. As of the present date, Flowers has filed nothing in opposition to the defendants' written report as required by the orders of this court. In light of the foregoing, the court concludes that this case should be dismissed.

The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Flowers is an indigent county inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Flowers has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure Flowers' compliance would be unavailing. As previously noted, the responses and unchallenged evidentiary materials filed by the defendants indicate that Flowers is not currently entitled to federal review of his claims due to his failure to exhaust available administrative remedies. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that **on or before February 21, 2008**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of February, 2008.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE